The motion is denied without prejudice for failure to comply with the court's order entered September 20, 2021.

**THE RELIEF SOUGHT IN THIS ORDER IS DENIED.**
**SIGNED this 1st day of October, 2021**

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.**
**PLEASE SEE DOCKET FOR ENTRY DATE.**

*Nicholas W Whittenburg*
**Nicholas W. Whittenburg**
**UNITED STATES BANKRUPTCY JUDGE**

_____

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TENNESSEE**
**CHATTANOOGA DIVISION**

**IN RE:**

**DAVID ORAL CALLAHAN,**

Debtor.

Case No.:    17-12846-NWW

Chapter:    13

## ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY

THIS CAUSE coming on before the Court upon the Motion for Relief From the Automatic Stay (herein the "Motion") filed on behalf of U.S. Bank National Association, not in its individual capacity but solely as trustee for RMTP Trust, Series 2021 BKM-TT. The Court having reviewed the Motion and the record in this case, makes the following:

FINDINGS OF FACT

1. The Debtors commenced this case by petition filed on or about June 26, 2017.

2. On or about December 22, 2008, the Debtor executed and delivered to First American Equity Corp. a Note in the principal amount of $94,263.00, plus interest at an annual percentage rate of 5.375% per annum to be paid over thirty (30) years (the "Note").

3. To secure the repayment of the sums due under the Note, Debtors executed and

delivered to First American Equity Corp., a Deed of Trust dated December 22, 2008 (the "Deed of Trust"), encumbering the property at 1630 Carrott St., Cleveland, TN 37311 (the "Property").

4. The Note and Deed of Trust were later transferred to U.S. Bank National Association, not in its individual capacity but solely as trustee for RMTP Trust, Series 2021 BKM-TT (herein "Movant"), who is the current holder of the Note and Deed of Trust.

5. As of September 1, 2021, the approximate net payoff due under the Note and Deed of Trust was $79,349.50. The Debtors' Schedule A/B indicates the value of the Property is $92,204.74, net of costs of sale. Thus, there is equity in the Property for the benefit of the estate.

## CONCLUSIONS OF LAW

Based upon the above facts, this Court concludes that there is cause under 11 U.S.C. §362(d)(1) to grant the Motion.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

1. That the automatic stay pursuant to 11 U.S.C. §362(d) should be, and hereby is, lifted and modified to permit Movant to foreclose its Deed of Trust in the Property in accordance with its loan documents and applicable law.

2. That time is of the essence as to each and all of the provisions of this Order.

3. That the 14-day stay provided for in Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure is hereby waived and the lifting of the automatic stay pursuant to the terms of this Order shall be effective immediately upon entry.

4. That this Court shall, and hereby does, retain jurisdiction over this matter, the parties hereto, and the subject matter hereof, to the extent permitted under applicable law, for the entry of such other and further orders as are either necessary or appropriate to accomplish the foregoing.

END OF DOCUMENT

**DENIED**